# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7507 | **DATE** | 3/25/2004 |
| **CASE TITLE** | Rodi vs. Target Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Rodi's motion (Doc 6-1) for leave to file an amended complaint is denied. Status hearing and close of discovery set for May 20, 2004 to stand.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | MAR 26 2004 | | 10 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| ✓ | Copy to Magistrate Judge Brown. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ANN E. RODI,                    )
                                )
              Plaintiff,        )
                                )
       vs.                      )      03 C 7507
                                )
TARGET CORPORATION,             )
                                )
              Defendant.        )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Plaintiff Ann Rodi for leave to amend her complaint pursuant to Fed. R. Civ. Proc. 15. For the reasons set forth below, the motion is denied.

## BACKGROUND

According to the complaint, Rodi was formerly employed as a sales associate at Marshall Field's, a chain of department stores owned and operated by Defendant Target Corporation ("Target"). Her manager at Field's was a woman named Laura Gans. In December 2001, Rodi's husband became seriously ill. Over a period of several months, Rodi requested time off from work or to reduce her schedule to allow her to care for him. She also developed medical problems of her own from the stress

and anxiety she experienced about her husband's condition, which contributed to her requests for time away from work. Rodi alleges that Gans repeatedly refused to allow her to take time off or to decrease the number of days she worked per week. In October 2002, Rodi resigned her position at Field's.

On October 21, 2003, Rodi filed a complaint that contained two counts of violations of the Family Medical Leave Act ("FMLA"). 29 U.S.C. §§ 2601–54.[1] Target filed its answer to the initial complaint on December 12, 2003. The proposed amended complaint, filed on February 26, 2004, seeks to add some factual material to the preexisting allegations as well as a new state-law claim for intentional infliction of emotional distress ("IIED").

## LEGAL STANDARD

Pursuant to Fed. R. Civ. Proc. 15(a), a plaintiff may amend a complaint once as a matter of course at any time before a responsive pleading is served. Rule 15(a) provides that leave to amend a complaint "shall be freely given when justice so requires," but if there is an apparent reason not to permit the amendment, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure

---

[1] Throughout both the original and the proposed amended complaint, Rodi erroneously cites the FMLA as appearing in Title 28 of the United States Code. While this may be attributable to the fact that the FMLA is Chapter 28 of Title 29, any citations should include only the title number.

to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962), the motion may be denied. See, e.g., Payne v. Churchich, 161 F.3d 1030, 1036-37 (7th Cir. 1998). The decision whether to grant or deny a motion for leave to amend is committed to the sound discretion of the district court. Perrian v. O'Grady, 958 F.2d 192 (7th Cir. 1992).

## DISCUSSION

Target contends that the amendment is futile for three reasons: it is preempted by the Illinois Workers' Compensation Act ("IWCA"), its allegations are insufficient to support a claim for relief under Illinois law, and it is preempted by the Family Medical Leave Act. We address each of these arguments in turn.

### A. Preemption by the Illinois Workers' Compensation Act

Target initially challenges Rodi's IIED claim on the basis that it is barred by Section 5(a) of the IWCA. That section provides, *inter alia*, that an employee cannot bring a statutory or common-law suit for injuries against his or her employer for injuries sustained by the employee while engaged in the line of duty. 820 ILCS 305/5. The Illinois Supreme Court has recognized four exceptions to this general rule: 1) the injury was not accidental, 2) the injury did not arise from the plaintiff's employment,

3) the injury was not received during the course of the employment, or 4) the injury is not compensable under the IWCA. See Meerbrey v. Marshall Field & Co., Inc., 564 N.E.2d 1222, 1226 (Ill. 1990).

Rodi does not claim that her injury did not arise from her employment, nor does she contend that it was not received during the course of her employment. She also does not, nor could she, argue that her alleged IIED injuries are not compensable under the IWCA. See Collier v. Wagner Castings Co., 408 N.E.2d 198 (1980). Rodi hangs her hat solely on the first of the Meerbrey exceptions. As Meerbrey and other Illinois cases make clear, in determining whether an injury inflicted by a coworker is "accidental," a court must consider whether the injury was expected or foreseeable from the standpoint of the employee–victim and the employer. See, e.g., Meerbrey, 564 N.E.2d at 1226; Collier, 408 N.E.2d at 202-03. Whether the coworker–tortfeasor acted intentionally is not relevant. See id.

For the most part, Rodi implicitly concedes that an employer is generally entitled to invoke the protections of the IWCA in suits involving intentional torts by coworkers[2] but argues that this general rule does not apply in this case because Target

---

[2] Rodi cites one case to support a contrary position: Eager v. Commonwealth Edison Co., 187 F. Supp. 2d 1033, 1041 (N.D. Ill. 2002). Rodi is correct that Eager states that because intentional torts by definition allege intentional (i.e., nonaccidental) conduct, they always fall under the first exception stated in Meerbrey. However, since (continued...)

-4-

commanded or expressly authorized the conduct of Gans. The case law has recognized that, in such a scenario, the injury cannot be deemed "accidental" from the employer's point of view, thus bringing the first Meerbrey exception back into play. Meerbrey, 564 N.E.2d at 1226; Glowacki v. Moldtronics, Inc., 636 N.E.2d 1138, 1140 (Ill. App. Ct. 1994). However, Rodi's complaint is devoid of any allegation that Target commanded or explicitly authorized Gans to act as she did. Cf. Bruce v. South Stickney Sanitary Dist, 2001 WL 789225 (N.D. Ill. Jul. 12, 2001); Fondriliak v. Commonwealth Edison, 1999 WL 51804 at *5 (N.D. Ill. Jan. 29, 1999). Her only contention in this regard is found in her reply brief, which states that discovery will show that she attempted to notify Target of Gans' behavior and received no response. Aside from the fact that a party cannot flesh out an otherwise deficient pleading through a response brief, Harrell v. United States, 13 F.3d 232, 236 (7th Cir. 1993), even if discovery showed precisely what Rodi asserts, that would not rise to the level of a "command" or "express authorization" as required by Meerbrey and its progeny.

Rodi also makes a halfhearted allusion to the possibility that Gans' behavior can be directly attributed to Target because they are "alter egos at this stage of the

---

[2] (...continued)
this statement clearly contradicts language in Meerbrey as well as other controlling Illinois cases, we conclude that it is not an accurate statement of law. See, e.g., Meerbrey, 564 N.E.2d at 1226; Pathfinder Co. v. Industrial Comm'n, 343 N.E.2d 913, 917 (Ill. 1976).

proceedings." She apparently refers to the fact that, in deciding a facial challenge to the sufficiency of a pleading, a court must make all reasonable inferences in favor of the plaintiff. Galdikas v. Fagan, 342 F.3d 684, 688 (7th Cir. 2003). However, the proposed amended complaint refers to Gans only as a manager of a Marshall Field's store. See ¶¶ 8, 10, 12, 13, 15, 17, 30. The above standard does not mandate that a district court make every imaginable inference in plaintiff's favor; only reasonable inferences are required. See Coates v. Illinois State Bd. of Ed., 559 F.2d 445, 447 (7th Cir. 1977). It is patently unreasonable to infer that Gans, a manager at a single Marshall Field's store, is for all intents and purposes interchangeable with Target Corporation, an entity operating more than a thousand stores, under three different chain names, in nearly every state, employing hundreds of thousands of people. See Jablonski v. Multack, 380 N.E.2d 924, 927-28 (Ill. App. Ct. 1978). Thus, the procedural posture of this case has no impact on our conclusion that Gans cannot be considered Target's alter ego.

In sum, none of the Meerbrey exceptions applies to this case, and the IWCA provides Rodi's sole state-law remedy against her employer for the injuries she alleges within Count III of the proposed amended complaint. As such, it would not survive a motion to dismiss, and the proposed amendment would be futile. For this reason, the motion for leave to amend pursuant to Rule 15(a) is denied.

..., ... (......... .... ....). Thus, Count III fails to satisfy even the first

## B. Failure to State a Claim

Even if Rodi had successfully avoided the IWCA bar of her common-law claim, the allegations of Count III would not survive a motion to dismiss for failure to state a claim. To state a cause of action for IIED in Illinois, a plaintiff must allege that the defendant 1) engaged in conduct that was extreme and outrageous; 2) intended to inflict severe emotional distress or knew that there was a high probability that the plaintiff would suffer the same as a result of its conduct; and 3) actually caused the plaintiff to endure severe emotional distress. Welsh v. Commonwealth Edison Co., 713 N.E.2d 679, 683 (Ill. App. Ct. 1999). Though federal complaints, even for state-law claims, are assessed under a notice pleading standard, mere rote recital of elements of claim is insufficient to underpin a claim for IIED. See Hamros v. Bethany Homes, 894 F. Supp. 1176, 1180-81 (N.D. Ill. 1995). Rodi alleges that her manager would not allow her to miss work to care for her ailing husband or to attend to her own medical needs. While this is not admirable conduct if it took place, neither is it sufficiently extreme and outrageous so as to give rise to a claim for IIED. See Welsh, 713 N.E.2d at 684 (noting that Illinois courts generally require conduct from an employer analogous to coercing an employee to commit illegal acts); Van Stan v. Fancy Colours & Co., 125 F.3d 563, 567 (7th Cir. 1997); Stansberry v. Uhlich Children's Home, 264

F. Supp. 2d 681, 690 (N.D. Ill. 2003). Thus, Count III fails to satisfy even the first element required of an IIED claim. It would doubly fail a 12(b)(6) challenge.

## C. Preemption by the Family Medical Leave Act

Finally, Target contends that Rodi's amendment is futile because her IIED claim is preempted by the FMLA. However, none of the cases they cite support that proposition. As Rodi points out, two discuss an entirely different cause of action and the third does not even discuss preemption. Horwitz v. Bd. of Ed. of Avoca Sch. Dist., 260 F.3d 602, 616 (7th Cir. 2001) (no mention of preemption); Hamros, 894 F. Supp. at 1179 (discussing preemption of state-law claim for retaliatory discharge); Handel v. Belvedere USA Corp., 2001 WL 1286842 at *3-*4 (N.D. Ill. Oct. 10, 2001) (same). Moreover, other courts considering the issue, albeit not in the context of Illinois law, have concluded that the FMLA does not preempt claims of IIED. See Buser v. Southern Food Serv., Inc., 73 F. Supp. 2d 556, 571-72 (M.D.N.C. 1999) and cases cited therein. But in light of our other conclusions and the lack of adequate development of this issue by the parties, we do not expressly consider the question of preemption under the FMLA.

## CONCLUSION

Based on the foregoing analysis, Rodi's motion for leave to file an amended complaint is denied.

	*[signature]*
	Charles P. Kocoras
	Chief Judge
	United States District Court

Dated:  MAR 2 5 2004